IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIOPLUS SPECIALTY PHARMACY SERVICES, INC., | ) ) ) |
| Plaintiff, | ) Civil Action No. 1:18-cv-03370-WFK-ST ) |
| v. | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| B.O.P. PHARMACY, INC., | ) ) |
| Defendant. | ) |

## DECLARATION OF AMAR PATEL

Pursuant to 28 U.S.C. § 1746, I, AMAR PATEL, declare under penalty of perjury as follows:

1. I am over the age of eighteen and otherwise competent to make this declaration. Unless specifically indicated to the contrary, all statements in this declaration are based upon my personal knowledge.

2. I am the Pharmacy Center Manager at a pharmacy in Newburgh, New York, that is owned by BioPlus Specialty Pharmacy Services, Inc. ("BioPlus"), the Plaintiff in the above-styled action.

3. This declaration is being offered in support of BioPlus' Motion for Preliminary Injunction to restrain Defendant B.O.P. Pharmacy, Inc. ("Defendant" or "B.O.P") from continuing its unauthorized infringement of BioPlus' registered "BIOPLUS" trademark.

4. As of the date of this declaration, Defendant B.O.P. continues to operate under the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies in connection with the offering or sale of pharmaceutical products which are

marketed through the same channels of trade to the same class of purchasers as the medical and pharmacy services offered by BioPlus under its BIOPLUS Mark.

5. On May 23, 2018, Mark Benn, BioPlus' Regional Clinical Liaison, informed me that he had visited the Flushing pharmacy that was identified by signage as "Bio Plus Pharmacy" and had discussions personally with Lu Yi, who identified herself as the pharmacy manager. She acknowledged to him that her pharmacy had been regularly receiving electronic prescription scripts ("eRx") from states other than New York that her pharmacy was unable to fill. Mark advised me of one prescription that needed to be transferred to our pharmacy. I established that this pharmacy was B.O.P.

6. I contacted Ms. Yi on the phone number provided to obtain the prescription and upon further probing about other possible prescription they were receiving intended for BioPlus, Ms. Yi informed me they were not entering the eRxes into their system. She stated she did not know why they were being sent to her pharmacy. I asked her to fax to my attention any prescription she has and any subsequent eRxes to meet patient needs for information only so I can call the prescribers to have corrected in their system and resend to us. We agreed that would be best with NY transfer law of one refill transfer and she would not have to data entry the prescription and assign a prescription number in her system.

7. Attached to the Motion for Preliminary Injunction as **Exhibit J** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on May 23, 2018. All protected health information ("PHI") has been redacted.

8. Attached to the Motion for Preliminary Injunction as **Exhibit K** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on May 23, 2018. All PHI has been redacted.

9. Attached to the Motion for Preliminary Injunction as **Exhibit L** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on May 23, 2018. All PHI has been redacted.

10. Attached to the Motion for Preliminary Injunction as **Exhibit M** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on May 23, 2018. All PHI has been redacted.

11. Attached to the Motion for Preliminary Injunction as **Exhibit N** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on May 24, 2018. All PHI has been redacted.

12. Attached to the Motion for Preliminary Injunction as **Exhibit O** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on June 1, 2018. All PHI has been redacted.

13. Attached to the Motion for Preliminary Injunction as **Exhibit P** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on June 6, 2018. All PHI has been redacted.

14. Attached to the Motion for Preliminary Injunction as **Exhibit Q** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on June 6, 2018. All PHI has been redacted.

15. Attached to the Motion for Preliminary Injunction as **Exhibit R** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on June 8, 2018. All PHI has been redacted.

16. Attached to the Motion for Preliminary Injunction as **Exhibit S** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on June 12, 2018. All PHI has been redacted.

17. Attached to the Motion for Preliminary Injunction as **Exhibit T** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on June 25, 2018. All PHI has been redacted.

18. Attached to the Motion for Preliminary Injunction as **Exhibit U** is a true and correct copy of a misdirected electronic prescription that B.O.P. faxed to me on June 26, 2018. All PHI has been redacted.

19. To my knowledge, B.O.P. has not undertaken any measures to discontinue us of the "Bio Plus" trade name.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 2nd day of July, 2018.

_____
Amar Patel