

SUNTRUST CENTER
200 SOUTH ORANGE
AVENUE
SUITE 2900
ORLANDO, FLORIDA 32801
PHONE: 407.422.6600
FAX: 407.841.0325

Hal K. Litchford, Shareholder
Direct Dial: 407-367-5401
E-Mail:hlitchford@bakerdonelson.com

www.bakerdonelson.com

October 26, 2018

**Via ECF**

Honorable William F. Kuntz, II
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: **BioPlus Specialty Pharmacy Services, Inc. v. B.O.P., Inc.**
     **Case No. 18-cv-3370**

Dear Judge Kuntz:

   Our firm represents Plaintiff BioPlus Specialty Pharmacy Services, Inc. in the above referenced matter. We write pursuant to Your Honor's Individual Motion Practices and Rules, Rule 3.B.1.(v), to request a pre-motion conference to address Plaintiff's proposed motion to amend the Complaint.

   On June 6 2018, Plaintiff filed its Complaint against Defendant (ECF No. 1) alleging claims for (i) Trademark Infringement in violation of 15 U.S.C. § 1125(a), and (ii) False Designation of Origin in violation of 15 U.S.C. §1125(a) of Plaintiff's BIOPLUS Mark.

   The Complaint named B.O.P, Inc. as the Defendant. This entity was originally incorporated under the name Bio Plus Pharmacy, Inc. It changed its name to B.O.P., Inc. in 2011 in response to Plaintiff's original cease and desist letter. On July 16, 2018, after commencement of this lawsuit, Defendant inexplicably changed its corporate name with the State of New York back to "Bio Plus Pharmacy, Inc." A copy of Defendant's State of New York business registration information is enclosed herewith as **Exhibit A**. The proposed Amended Complaint identifies Defendant in its new formal corporate name.

   The original Complaint relied on statutory rights and presumptions derived from Plaintiff's U.S. Trademark Registration No. 2,329,227 (the "'227 Registration") and the ensuing affidavit of incontestability. During discovery, a potential defect in the '227 Registration surfaced. Because of the passage of time -- over 20 years -- Plaintiff and its counsel have been unable to confirm or refute this possible defect after thorough and diligent investigation. As a result, Plaintiff is also seeking permission from this Court to amend its claims in the Complaint to the extent they rely on the '227 Registration and affidavit of incontestability. Plaintiff's proposed Amended Complaint continues to assert the same claims for Trademark Infringement in violation of 15 U.S.C. § 1125(a), and False Designation of Origin in violation of 15 U.S.C.

Honorable William F. Kuntz
October 26, 2018
Page 2


§1125(a), but now, out of an abundance of caution, relies solely upon Plaintiff's well-established common law trademark rights to the BIOPLUS Mark by way of the Mark's distinctiveness/secondary meaning, Plaintiff's continuous use of the BioPlus name since 1998, and Plaintiff's priority over Defendant's later-in-time use of the name.

Enclosed herewith as **Exhibit B** is a copy of Plaintiff's proposed Amended Complaint. Enclosed herewith as **Exhibit C** is a redline comparison of Plaintiff's Complaint and Plaintiff's proposed Amended Complaint.

Plaintiff's counsel has attempted to confer with counsel for Defendant regarding Plaintiff's request to amend its Complaint. Despite good faith efforts, counsel have been unable to confer.

Based on the foregoing, Plaintiff requests a pre-motion conference to address its proposed motion to amend, or for permission from this Court to file its proposed amended complaint.

Respectfully,


*/s/ Hal K. Litchford*
Hal K. Litchford

HKL/rg

Enclosures

cc:   David Hoffman, Esq.
      Jura C. Zibas, Esq.
      Stephen J. Barrett, Esq.

Exhibit A

# NYS Department of State

## Division of Corporations

## Entity Information

The information contained in this database is current through October 25, 2018.

Selected Entity Name: BIO PLUS PHARMACY, INC.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | BIO PLUS PHARMACY, INC. |
| **DOS ID #:** | 3106336 |
| **Initial DOS Filing Date:** | SEPTEMBER 24, 2004 |
| **County:** | QUEENS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
BIO PLUS PHARMACY, INC.
135-02 ROOSEVELT AVENUE
FLUSHING, NEW YORK, 11354

**Registered Agent**

NONE

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JUL 26, 2018 | Actual | BIO PLUS PHARMACY, INC. |
| DEC 19, 2011 | Actual | B.O.P. PHARMACY, INC. |
| SEP 24, 2004 | Actual | BIO PLUS PHARMACY, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results    New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us

Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **BIOPLUS SPECIALTY PHARMACY SERVICES, INC.,** )<br>)<br>) | |
| **Plaintiff,** ) | **Civil Action No.  1:18-cv-03370-WFK-ST** |
| ) | |
| **v.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **BIO PLUS PHARMACY, INC. f/k/a B.O.P. PHARMACY, INC.,** )<br>) | |
| ) | |
| **Defendant.** ) | |

---

### FIRST AMENDED COMPLAINT

---

Plaintiff BioPlus Specialty Pharmacy Services, Inc. ("BioPlus"), for its First Amended Complaint against Defendant Bio Plus Pharmacy, Inc., f/k/a B.O.P. Pharmacy, Inc., ("Defendant"), states as follows:

### I.      THE PARTIES

1.      Plaintiff BioPlus is a corporation organized and existing under the laws of the State of Florida and having its principal place of business located at 376 Northlake Boulevard, Altamonte Springs, FL 32701.

2.      Defendant Bio Plus Pharmacy, Inc. is a corporation organized and existing under the laws of the State of New York and having its principal place of business located at 135-02 Roosevelt Avenue, Flushing, New York 11354.  When this action commenced, Defendant's corporate name was B.O.P. Pharmacy, Inc.

## II.      JURISDICTION AND VENUE

3.      This is an action against Defendant for trademark infringement and false designation of origin under the Lanham Act, as amended, 15 U.S.C. § 1125.

4.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, as it involves federal trademark law under the Lanham Act; under 28 U.S.C. § 1338(a), as it is a civil action arising under an Act of Congress relating to trademarks; under 28 U.S.C. § 1338(b), as it involves unfair competition related to a claim under trademark laws; under 28 U.S.C. § 1331 as it involves a federal question; and under 28 U.S.C. § 1332 as the action is between citizens of different states, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

5.      Defendant operates a pharmacy located at 135-02 Roosevelt Avenue, Flushing, New York 11354.

6.      This Court has personal jurisdiction over Defendant under both general and specific jurisdiction, based upon Defendant's transaction of business in New York.

7.      Venue is proper in this District under 28 U.S.C. § 1391.

## III.      THE CONTROVERSY

### A.      BIOPLUS' TRADEMARK RIGHTS

8.      BioPlus is one of the largest privately owned specialty pharmacies in the United States, and has been providing medical services, including pharmacy services, continuously to customers nationwide since 1997.

9.      For over twenty (20) years, BioPlus has been using the trademark / service mark BIOPLUS (the "BIOPLUS Mark") to advertise and sell its pharmacy products and/or services. Since at least 2006, BioPlus has been using the BIOPLUS Mark to advertise and sell its pharmacy products and/or services through its website, located at www.bioplusrx.com.

10.     Plaintiff's service offerings rendered under the BIOPLUS Mark have included pharmacy services in the nature of filling and dispensing oral prescriptions to customers across the United States since at least January 2002.  In connection with such services, Plaintiff provides nationwide free overnight delivery of prescription medication for its customers/patients under the BIOPLUS Mark.

11.     Since at least May 2000, Plaintiff has provided pharmacy services under the BIOPLUS Mark to customers, both patients and prescribers, located in New York State.  Also since at least May 2000, Plaintiff has expended significant sums in advertising under the BIOPLUS Mark in connection with, and as a precursor to, providing such pharmacy services under the BIOPLUS Mark.

12.     In connection with the pharmacy services provided by Plaintiff under the BIOPLUS Mark, Plaintiff offers an industry-leading 2-Hour Patient Acceptance Guarantee Program (the "Guarantee Program").  Through Plaintiff's Guarantee Program, also offered under the BIOPLUS Mark, Plaintiff guarantees notification to customers (medical providers/patients) in less than two (2) hours whether the patient at issue can be qualified pending insurance verification or are not qualified and need to be sent to an alternate supplier.

13.     BioPlus' at least eighteen (18) years of continuous use of the BIOPLUS Mark in commerce to provide pharmacy services to consumers in the State of New York has engendered significant brand recognition to BioPlus in the BIOPLUS Mark within the State of New York.

14.     Moreover, BioPlus' more than two decades of continuous use of the BIOPLUS Mark in interstate commerce to provide pharmacy services to consumers across the United States has engendered significant brand recognition to BioPlus in the BIOPLUS Mark across the United States.

15.     During this time, BioPlus has invested considerable resources to marketing its services under the BIOPLUS Mark, including advertising targeting the State of New York, which is featured prominently in its advertising and promotional materials for these services throughout the United States.

16.     As a result of the foregoing, the BIOPLUS Mark is highly associated with BioPlus and BioPlus' medical and pharmacy services, and is an asset of substantial value to BioPlus.

17.     Due to BioPlus' longtime, consistent and exclusive use and promotion of its medical and pharmacy services under the BIOPLUS Mark, the trade and purchasing public has come to know and recognize the BIOPLUS Mark as a designation identifying BioPlus as the source of medical services, including pharmacy services, provided under this mark. Accordingly, BioPlus' BIOPLUS Mark has developed and represents valuable goodwill which rightfully belongs exclusively to BioPlus.

**B.     B.O.P.'S INFRINGING ACTIVITIES**

18.     Defendant operates a pharmacy alternatively under the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies.

19.     Defendant was incorporated in the State of New York in 2004, seven (7) years after BioPlus began offering medical services in interstate commerce under the BIOPLUS Mark and at least four (4) years after BioPlus began providing pharmacy services to customers, both patients and providers, located in the State of New York.  **Exhibit A** attached hereto is a true and correct screen shot of the New York State Department of State database record for B.O.P Pharmacy, Inc.

20.     Plaintiff first became aware of Defendant's existence in mid-2011 after Walgreens Health Initiatives mistakenly mailed a check for $28,774.80, meant for Plaintiff, to Defendant in or around February 2011. After the check was received and cashed by Defendant, Plaintiff, through counsel, advised Defendant of the BIOPLUS Mark and requested Defendant change its name and cease use of the BIOPLUS Mark or any mark confusingly similar thereto in connection with the offering or sale of medical or pharmacy services. As a result, on December 19, 2011, Defendant filed documents with the New York State Department of State to change its legal name to B.O.P. Pharmacy, Inc.  Moreover, Defendant's counsel at the time advised that Defendant would remove all vestiges of its use of the trademark "Bio Plus" in addition to changing its corporate name.

21.     Despite these assurances, and without knowledge by Plaintiff, Defendant continued and continues to operate under the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies as of the filing date of this First Amended Complaint.  **Exhibit B** attached hereto is a true and correct screen shot from the website of the New York State Office of the Professions indicating that Defendant's registration with the New York State Pharmacy Board includes the trade name BIO PLUS PHARMACY. **Exhibit C** attached hereto is a true and correct screen shot from Google® Maps showing that, at least as of October 2014, Defendant operates a brick and mortar pharmacy located at 13502 Roosevelt Avenue, Flushing, New York 11354 and advertising under the name Bio Plus Pharmacy, Inc.  **Exhibit D** attached hereto is a photograph of a business card obtained from an individual presenting himself as a manager of the brick and mortar pharmacy located at 135-02 Roosevelt Avenue, Flushing, New York 11354 and advertising Defendant's pharmacy services under the name Bio Plus Pharmacy, Inc. and Surgical Supplies.

5

22.     Most troublingly, Defendant trades under the name Bio Plus Pharmacy Inc. or names confusingly similar thereto in electronic and/or mail order prescription databases. Electronic prescription databases are akin to an online Yellowpages™ for pharmacies, where healthcare providers look to locate a pharmacy from which to request prescription filling services.

23.     **Exhibit E** is a true and correct copy of the record for Defendant from electronic prescription directory provider Caremark, showing that Defendant located at 135-02 Roosevelt Avenue, Flushing, New York 11354, holds itself out as Bio Plus Pharmacy Inc. to healthcare providers through the Caremark directory.  Upon information and belief, Defendant also lists its business name as Bio Plus Pharmacy Inc. with the Arete Pharmacy Network, of which Defendant is a member, and with the National Council for Prescription Drug Program ("NCPDP"), which maintains a comprehensive online directory of pharmacies which healthcare providers (i.e., Plaintiff's and Defendant's customers) also look to locate a pharmacy from which to request prescription filling services.

24.     Also on information and belief, at all material times since 2011, Defendant has been registered with the New York Office of Professions as Bio Plus Pharmacy, Inc. and its National Provider Identification ("NPI") has been registered in the name Bio Plus Pharmacy, Inc.

25.     Actual consumer confusion has resulted from Defendant's unlawful use of the name Bio Plus Pharmacy, Inc. to advertise and/or provide pharmacy services through at least the Caremark online directory.

26.     In 2017, the owners of Plaintiff acquired Raina RX, LLC, d/b/a Route 300 Pharmacy, which operates a brick-and-mortar retail pharmacy located at 1208 NY-300, Newburgh, NY 12553.  This acquisition enabled Plaintiff to fill and dispense prescriptions to an

even broader group of customers in New York State, namely, patients covered by New York Medicaid and Medicaid Advantage Plus.

27.     Thereafter, on or about May 23, 2018, Plaintiff became aware that consumers of both Plaintiff's and Defendant's products, healthcare providers, had on at least three (3) occasions, as of that date, sent electronic prescription orders to Defendant that were intended for BioPlus.  As of the date of this First Amended Complaint, Plaintiff has documented at least thirty-eight (38) instances of healthcare providers sending electronic prescription orders to Defendant that were intended for BioPlus.  These instances continue to occur with regularity.

28.     The likelihood of additional on-going confusion is high, and is heightened by the fact that in New York State, the state in which Defendant operates, prescriptions are required to be written electronically, so a prescriber would have a higher likelihood of encountering Defendant's infringing uses of the name Bio Plus Pharmacy Inc. in the same electronic directories as BioPlus' BIOPLUS Mark.  Moreover, Defendant's infringing name is listed in directories ahead of BioPlus alphabetically.

29.     In addition to the potential and actual confusion caused by Defendant's infringing uses of the name Bio Plus Pharmacy Inc., Defendant's actions have caused damage to Plaintiff's reputation in that Defendant's infringement has prevented Plaintiff from fulfilling its advertised promises under its Guarantee Program.  Specifically, when prescriptions intended for Plaintiff are misdirected to Defendant because of confusion caused by Defendant's infringing use of the name Bio Plus Pharmacy Inc., Plaintiff has no notice of such prescription, or, even if notice is provided to Plaintiff by Defendant, Plaintiff is not able to act on a legal and authoritative version of such misdirected prescription immediately as needed to fulfill its advertised promises under the BIOPLUS Guarantee Program.

30.     The name(s) under which Defendant continues to operate, i.e. Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies, are virtually identical to the BIOPLUS Mark owned by BioPlus.

31.     Defendant continues to use the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies in connection with the offering or sale of medical services, specifically pharmacy services, which are identical or highly similar to the services offered by Plaintiff, and which are advertised through the same channels of trade to the same class of purchasers as the medical and pharmacy services offered by BioPlus under the BIOPLUS Mark.

32.     Defendant's use of trademarks and/or trade names which are highly similar to the BIOPLUS Mark is causing ongoing confusion and is likely to cause continuing confusion as to the source of BioPlus' services or to cause prescribers to be mistaken or deceived as to the origin, affiliation, connection, or association of Defendant with BioPlus, or as to BioPlus' sponsorship or approval of Defendant's services.

33.     Defendant has actual knowledge of the BIOPLUS Mark and Plaintiff's use of the BIOPLUS Mark in connection with the advertising or rendering of pharmaceutical services, as well as the confusion Defendant is causing.  Moreover, Defendant changed its corporate name to "Bio Plus Pharmacy, Inc." after it was served with the original complaint in this action. On information and belief, Defendant's willful infringing activities have wrongfully diverted substantial prescriptions and revenues from BioPlus.

34.     Defendant's willful and knowing infringing activities render this case "exceptional" within the meaning of 17 U.S.C.S. 1117(a).

## IV.        CAUSES OF ACTION

### COUNT I
### TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

35.        BioPlus incorporates and realleges paragraphs 1-34 as if fully set forth herein and further alleges:

36.        Defendant's unauthorized use of the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies in connection with the advertising or rendering of pharmacy services, which names are confusingly similar to BioPlus' BIOPLUS Mark, infringes on BioPlus' trademark rights in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125.

37.        Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to BioPlus' business, reputation, and goodwill in the BIOPLUS Mark, for which BioPlus has no adequate remedy at law.

### COUNT II
### FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

38.        BioPlus incorporates and realleges paragraphs 1-34 as if fully set forth herein and further alleges:

39.        Defendant's unauthorized use of the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies in connection with the advertising or rendering of pharmacy services, falsely designates the origin or association of Defendant's products with BioPlus.  Such use will inevitably cause consumer confusion or mistake and will deceive the consuming public into believing that there exists an affiliation, connection, or association between B.O.P. and BioPlus as to the origin, sponsorship, or approval

of Defendant's products.  Such conduct constitutes false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125.

40.     Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to BioPlus' business, reputation, and goodwill in the BIOPLUS Mark, for which BioPlus has no adequate remedy at law.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, BioPlus requests a judgment as follows:

1.     That Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant, be preliminary and permanently enjoined and restrained:

      a.     from using the BIOPLUS Mark, or any other designations or trademarks likely to cause confusion with the BIOPLUS Mark in connection with medical and/or pharmacy services;

      b.     from otherwise infringing upon BioPlus' rights in and to the BIOPLUS Mark and from otherwise unfairly competing with BioPlus in any manner whatsoever;

      c.     from using, reproducing, advertising or promoting any slogan, mark or name that may be calculated to represent that the products or services of Defendant or any other person are sponsored by, authorized by, or in some way associated with BioPlus; and

      d.     inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts.

2.     That Defendant be directed to file with the Court and serve on BioPlus, no later than fifteen (15) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

3.      That Defendant be directed to instruct the National Council for Prescription Drug Program, Caremark®, SureScripts®, the Arete Pharmacy Network, and all other electronic prescription directories and/or pharmaceutical database management providers to immediately remove any name utilizing the terms "Bio", or "Plus", or any other name confusingly similar to the BIOPLUS Mark, from any directory and/or database entries associated with or otherwise affiliated with Defendant.

4.      That Defendant be directed to change the name of its registration with the New York Office of Professionals and its NPI registration.

5.      That Defendant be directed to provide to BioPlus a complete listing of all prescription orders, payments for services, or other communications or transmissions received by Defendant that include identifying information for BioPlus or that Defendant otherwise has reason to believe were inadvertently sent to Defendant but intended for BioPlus.

6.      That Defendant be ordered to pull, cancel and/or retract all marketing, advertising or promotional materials and all documents whatsoever and of whatever nature or form relative to the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies.

7.      That Defendant be ordered to remove all signs, of whatever nature, form, or location, which contain the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies including, but not limited to, the awning on the physical storefront located at 13502 Roosevelt Avenue, Flushing, New York 11354.

8.      That the Court adjudge and decree that B.O.P's infringing use of the BIOPLUS Mark is in violation of 15 U.S.C. § 1125.

9.      That the Court adjudge and decree that a likelihood of confusion exists between the BIOPLUS Mark and Defendant's use of the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies.

10.     That the Court require a full and complete accounting of all monies received by Defendant as a result of the wrongful conduct, together with an order transferring to BioPlus any amounts found to be due to Defendant as a result of the wrongful conduct.

11.     That BioPlus be awarded Defendant's profits or BioPlus' damages from lost sales after an accounting, and that such award be increased as permitted, including being trebled as provided under 15 U.S.C. § 1117.

12.     That BioPlus be awarded its costs and attorneys' fees from Defendant, including as provided by 15 U.S.C. § 1117.

13.     That the Court award pre- and post-judgment interest on all monies found to be due to BioPlus from Defendant, at the then prevailing or legal rate, whichever is greater, from the date said amounts or any part thereof became or become due.

14.     That the Court require Defendant to notify its customers, dealers, clients, and associates of said Court Order.

15.     That BioPlus be awarded such other and further relief as this Court may deem just and proper.

## VI.      <u>JURY DEMAND</u>

BioPlus hereby demands a trial by jury for all issues so triable.

Dated: October _____, 2018.          Respectfully submitted,

/s/ *Hal K. Litchford* _____

Hal K. Litchford, Esquire
Admitted *pro hac vice*
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
200 South Orange Avenue, Suite 2900
Orlando, FL  32801
Phone: 407-422-6600
Fax: 407-841-0325
Email:  hlitchford@bakerdonelson.com

/s/ *Jura Zibas* _____

Jura C. Zibas, Esquire
150 E. 42nd Street
New York, New York 10017
Telephone: (212) 490-3000
Facsimile:  (212) 490-3038
Email: Jura.Zibas@wilsonelser.com

*Attorneys for Plaintiff BioPlus Specialty*
*Pharmacy Services, Inc.*

Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **BIOPLUS SPECIALTY PHARMACY** **SERVICES, INC.,** | ) ) ) |
| **Plaintiff,** | ) ) **Civil Action No.** ~~————~~**1:18-cv-03370-WFK-ST** |
| **v.** | ) ) ) **JURY TRIAL DEMANDED** |
| **BIO PLUS PHARMACY, INC. f/k/a** **B.O.P. PHARMACY, INC.,** | ) ) ) ) |
| **Defendant.** | ) |

---

### FIRST AMENDED COMPLAINT

---

Plaintiff BioPlus Specialty Pharmacy Services, Inc. ("BioPlus"), for its First Amended Complaint against Defendant Bio Plus Pharmacy, Inc., f/k/a B.O.P. Pharmacy, Inc. ~~("B.O.P.,~~ ("Defendant"), states as follows:

#### I.      THE PARTIES

1.      Plaintiff BioPlus is a corporation organized and existing under the laws of the State of Florida and having its principal place of business located at 376 Northlake Boulevard, Altamonte Springs, FL 32701.

2.      Defendant ~~B.O.P~~Bio Plus Pharmacy, Inc. is a corporation organized and existing under the laws of the State of New York and having its principal place of business located at ~~13502~~135-02 Roosevelt Avenue, Flushing, New York 11354.  When this action commenced, Defendant's corporate name was B.O.P. Pharmacy, Inc.

## II.          JURISDICTION AND VENUE

3.       This is an action against ~~B.O.P.~~ Defendant for trademark infringement and false designation of origin under the Lanham Act, as amended, 15 U.S.C. § 1125.

4.       This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, as it involves federal trademark law under the Lanham Act; under 28 U.S.C. § 1338(a), as it is a civil action arising under an Act of Congress relating to trademarks; under 28 U.S.C. § 1338(b), as it involves unfair competition related to a claim under trademark laws; under 28 U.S.C. § 1331 as it involves a federal question; and under 28 U.S.C. § 1332 as the action is between citizens of ~~a State and citizens or subjects of a foreign state~~ different states, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

5.       ~~B.O.P.~~ Defendant operates a pharmacy located at ~~13502~~ 135-02 Roosevelt Avenue, Flushing, New York 11354.

6.       This Court has personal jurisdiction over ~~B.O.P.~~ Defendant under both general and specific jurisdiction, based upon ~~B.O.P.'s~~ Defendant's transaction of business in New York.

7.       Venue is proper in this District under 28 U.S.C. § 1391.

## III.          THE CONTROVERSY

### A.     BIOPLUS' TRADEMARK RIGHTS

8.       BioPlus is one of the largest privately owned specialty pharmacies in the United States, and has been providing medical services, including pharmacy services, continuously to customers nationwide since 1997.

~~BioPlus is the owner of U.S. Trademark Registration No. 2,329,227 (the " '227 Registration") for~~ 9.   BIOPLUS (the "BIOPLUS Mark") for "[m]edical services, namely, chronic disease management consisting of therapy, medication and treatment". The '227

2

~~Registration was registered on March 14, 2000.  A true and correct copy of the registration certificate for the BIOPLUS Mark is attached hereto as **Exhibit A**.~~

~~10.    The '227 Registration is incontestable under Section 15 of the Lanham Act, 15 U.S.C.A. §1065.  The '227 Registration is thus conclusive evidence of the validity and distinctiveness of the BIOPLUS Mark, of the registration of the BIOPLUS Mark, of BioPlus' ownership of the BIOPLUS Mark, and of BioPlus' exclusive right to use the BIOPLUS Mark in commerce throughout the United States. 15 U.S.C.A. §1115.~~

9.    ~~11.~~For over twenty (20) years, BioPlus has been using the trademark / service mark BIOPLUS (the "BIOPLUS Mark") to advertise and sell its pharmacy products and/or services. Since at least 2006, BioPlus has been using the BIOPLUS Mark to advertise and sell its pharmacy products and/or services~~, including~~ through its website, located at www.bioplusrx.com~~, since at least 2006.~~.

10.    Plaintiff's service offerings rendered under the BIOPLUS Mark have included pharmacy services in the nature of filling and dispensing oral prescriptions to customers across the United States since at least January 2002.  In connection with such services, Plaintiff provides nationwide free overnight delivery of prescription medication for its customers/patients under the BIOPLUS Mark.

11.    Since at least May 2000, Plaintiff has provided pharmacy services under the BIOPLUS Mark to customers, both patients and prescribers, located in New York State.  Also since at least May 2000, Plaintiff has expended significant sums in advertising under the BIOPLUS Mark in connection with, and as a precursor to, providing such pharmacy services under the BIOPLUS Mark.

4828-5654-2584v4

12.     In connection with the pharmacy services provided by Plaintiff under the BIOPLUS Mark, Plaintiff offers an industry-leading 2-Hour Patient Acceptance Guarantee Program (the "Guarantee Program").  Through Plaintiff's Guarantee Program, also offered under the BIOPLUS Mark, Plaintiff guarantees notification to customers (medical providers/patients) in less than two (2) hours whether the patient at issue can be qualified pending insurance verification or are not qualified and need to be sent to an alternate supplier.

13.     BioPlus' at least eighteen (18) years of continuous use of the BIOPLUS Mark in commerce to provide pharmacy services to consumers in the State of New York has engendered significant brand recognition to BioPlus in the BIOPLUS Mark within the State of New York.

14.     12. Moreover, BioPlus' more than two decades of continuous use of the BIOPLUS Mark in interstate commerce to provide pharmacy services to consumers across the United States has engendered significant brand recognition to BioPlus in the BIOPLUS Mark across the United States.

15.     13. During this time, BioPlus has invested considerable resources to marketing its medical services under the BIOPLUS Mark, including advertising targeting the State of New York, which is featured prominently in its advertising and promotional materials for these services throughout the United States.

16.     14. As a result of the foregoing, the BIOPLUS Mark is highly associated with BioPlus and BioPlus' medical and pharmacy services, and is an asset of substantial value to BioPlus.

17.     15. Due to BioPlus' longtime, consistent and exclusive use and promotion of its medical and pharmacy services under the BIOPLUS Mark, the trade and purchasing public has come to know and recognize the BIOPLUS Mark as a designation identifying BioPlus as the

4

source of medical services, including pharmacy services, provided under this mark. Accordingly, BioPlus' BIOPLUS Mark has developed and represents valuable goodwill which rightfully belongs exclusively to BioPlus.

## B.     B.O.P.'S INFRINGING ACTIVITIES

18.     ~~16.B.O.P.~~ Defendant operates a pharmacy alternatively under the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies.

19.     ~~B.O.P.~~ Defendant was incorporated in the State of New York in 2004, ~~seventeen~~ seven (~~17~~7) years after BioPlus began offering medical services in interstate commerce under the BIOPLUS Mark and at least four (4) years after ~~the '227 Registration was registered with the U.S. Trademark Office.  Exhibit 17. B~~ BioPlus began providing pharmacy services to customers, both patients and providers, located in the State of New York.  **Exhibit A** attached hereto is a true and correct screen shot of the New York State Department of State database record for B.O.P Pharmacy, Inc.

20.     Plaintiff first became aware of Defendant's existence in mid-2011 after Walgreens Health Initiatives mistakenly mailed a check for $28,774.80, meant for Plaintiff, to Defendant in or around February 2011. After the check was received and cashed by Defendant, Plaintiff, through counsel, advised Defendant of the BIOPLUS Mark and requested Defendant change its name and cease use of the BIOPLUS Mark or any mark confusingly similar thereto in connection with the offering or sale of medical or pharmacy services. As a result, on December 19, 2011, Defendant filed documents with the New York State Department of State to change its legal name to B.O.P. Pharmacy, Inc.  Moreover, Defendant's counsel at the time advised that Defendant would remove all vestiges of its use of the trademark "Bio Plus" in addition to changing its corporate name.

21.      ~~B.O.P. is operating~~ Despite these assurances, and without knowledge by Plaintiff, Defendant continued and continues to operate under the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies as of the filing date of this First Amended Complaint.  **Exhibit ~~C~~ B** attached hereto is a true and correct screen shot from the website of the New York State Office of the Professions indicating that ~~B.O.P.'s~~ Defendant's registration with the New York State Pharmacy Board includes the trade name BIO PLUS PHARMACY.  **Exhibit ~~D~~ C** attached hereto is a true and correct screen shot from Google® Maps showing that, at least as of October 2014, ~~18.  B.O.P.~~ Defendant operates a brick and mortar pharmacy located at 13502 Roosevelt Avenue, Flushing, New York 11354 and advertising under the name Bio Plus Pharmacy, Inc.  **Exhibit ~~E~~ D** attached hereto is a photograph of a business card obtained from an individual presenting himself as a manager of the brick and mortar pharmacy located at ~~13502~~ 135-02 Roosevelt Avenue, Flushing, New York 11354 and advertising Defendant's pharmacy services under the name Bio Plus Pharmacy, Inc. and Surgical Supplies.

22.      ~~19.~~Most troublingly, ~~B.O.P.~~ Defendant trades under the name Bio Plus Pharmacy Inc. or names confusingly similar thereto ~~on at least one~~ in electronic and/or mail order prescription ~~database~~databases.  Electronic prescription databases~~, such as the one operated by Caremark®,~~ are akin to an online Yellowpages™ for pharmacies, where healthcare providers ~~and patients~~ look to locate a pharmacy from which to request prescription filling services.

23.      ~~20.~~**Exhibit ~~F~~ E** is a true and correct copy of the record for ~~B.O.P.~~ Defendant from electronic prescription directory provider Caremark, showing that ~~B.O.P.,~~ Defendant located at ~~13502~~ 135-02 Roosevelt Avenue, Flushing, New York 11354, holds itself out as Bio Plus Pharmacy Inc. to healthcare providers through the Caremark directory.  Upon information and

belief, ~~B.O.P.~~ Defendant also lists its business name as Bio Plus Pharmacy Inc. with the Arete Pharmacy Network, of which Defendant is a member, and with the National Council for Prescription Drug Program ("NCPDP"), which maintains a comprehensive online directory of pharmacies which healthcare providers (i.e., Plaintiff's and Defendant's customers) also look to ~~to~~ locate a pharmacy from which to request prescription filling services.

24. Also on information and belief, at all material times since 2011, Defendant has been registered with the New York Office of Professions as Bio Plus Pharmacy, Inc. and its National Provider Identification ("NPI") has been registered in the name Bio Plus Pharmacy, Inc.

25. ~~21.~~Actual consumer confusion has resulted from ~~B.O.P.'s~~ Defendant's unlawful use of the name Bio Plus Pharmacy~~,~~. Inc. to advertise and/or provide pharmacy services through at least the Caremark online directory. ~~On or about May 23, 2018, Plaintiff became aware that the relevant consumers of both Plaintiff's and Defendant's products, healthcare providers, have on at least three (3) occasions inadvertently sent electronic prescription orders to B.O.P. that were intended for BioPlus.~~

26. In 2017, the owners of Plaintiff acquired Raina RX, LLC, d/b/a Route 300 Pharmacy, which operates a brick-and-mortar retail pharmacy located at 1208 NY-300, Newburgh, NY 12553. This acquisition enabled Plaintiff to fill and dispense prescriptions to an even broader group of customers in New York State, namely, patients covered by New York Medicaid and Medicaid Advantage Plus.

27. Thereafter, on or about May 23, 2018, Plaintiff became aware that consumers of both Plaintiff's and Defendant's products, healthcare providers, had on at least three (3) occasions, as of that date, sent electronic prescription orders to Defendant that were intended for BioPlus. As of the date of this First Amended Complaint, Plaintiff has documented at least

7

thirty-eight (38) instances of healthcare providers sending electronic prescription orders to Defendant that were intended for BioPlus.  These instances continue to occur with regularity.

28.    22.The likelihood of additional on-going confusion is high, and is heightened by the fact that in New York State, the state in which Defendant operates, prescriptions are required to be written electronically, so a ~~prescribing consumer~~ prescriber would have a higher likelihood of encountering Defendant's infringing uses of the name Bio Plus Pharmacy Inc. ~~alongside BioPlus' BIOPLUS Mark~~ in the same electronic directories as BioPlus' BIOPLUS Mark. Moreover, Defendant's infringing name is listed in directories ahead of BioPlus alphabetically.

29.    In addition to the potential and actual confusion caused by Defendant's infringing uses of the name Bio Plus Pharmacy Inc., Defendant's actions have caused damage to Plaintiff's reputation in that Defendant's infringement has prevented Plaintiff from fulfilling its advertised promises under its Guarantee Program.  Specifically, when prescriptions intended for Plaintiff are misdirected to Defendant because of confusion caused by Defendant's infringing use of the name Bio Plus Pharmacy Inc., Plaintiff has no notice of such prescription, or, even if notice is provided to Plaintiff by Defendant, Plaintiff is not able to act on a legal and authoritative version of such misdirected prescription immediately as needed to fulfill its advertised promises under the BIOPLUS Guarantee Program.

30.    23.The name(s) under which ~~B.O.P.~~ Defendant continues to operate, i.e. Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies, are virtually identical to the BIOPLUS Mark owned by BioPlus.

31.    24.~~B.O.P.~~ Defendant continues to use the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies in connection with the offering or sale of medical services, specifically pharmacy services, which are identical or highly

similar to the services offered by Plaintiff, and which are advertised through the same channels of trade to the same class of purchasers as the medical and pharmacy services offered by BioPlus under the BIOPLUS Mark.

32.   ~~B.O.P.'s~~ Defendant's use of trademarks and/or trade names which are highly similar to the BIOPLUS Mark is causing ongoing confusion and is likely to cause ~~consumer continuing~~ confusion as to the source of BioPlus' services or to cause ~~consumers~~ prescribers to be mistaken or deceived as to the origin, affiliation, connection, or association of ~~B.O.P.~~ Defendant with BioPlus, or as to BioPlus' sponsorship or approval of ~~25.   B.O.P.'s~~ Defendant's services.

33.   ~~26.B.O.P.~~ Defendant has actual knowledge of ~~BioPlus' registration, incontestability and prior use of its~~ the BIOPLUS Mark and Plaintiff's use of the BIOPLUS Mark in connection with the advertising or rendering of pharmaceutical services, as well as the confusion Defendant is causing. Moreover, Defendant changed its corporate name to "Bio Plus Pharmacy, Inc." after it was served with the original complaint in this action. On information and belief,  ~~27.~~ Defendant's willful infringing activities have wrongfully diverted substantial prescriptions and revenues from BioPlus.

34.   ~~28.~~ Defendant's willful and knowing infringing activities render this case "exceptional" within the meaning of 17 U.S.C.S. 1117(a).

### IV.   CAUSES OF ACTION

### COUNT I
### TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

35.   BioPlus incorporates and realleges paragraphs 1-34 as if fully set forth herein and further alleges:

9

4828-5654-2584v4

36. 29.B.O.P.'s Defendant's unauthorized use of the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies in connection with the advertising or rendering of pharmacy services, which names are confusingly similar to BioPlus' BIOPLUS Mark, infringes on BioPlus' trademark rights in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125.

37. 30.B.O.P.'s Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to BioPlus' business, reputation, and goodwill in the BIOPLUS Mark, for which BioPlus has no adequate remedy at law.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)**

38. 31.BioPlus incorporates and realleges paragraphs 1-28 1-34 as if fully set forth herein and further alleges:

39. B.O.P.'s Defendant's unauthorized use of the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies in connection with the advertising or rendering of pharmacy services, falsely designates the origin or association of B.O.P.'s Defendant's products with BioPlus.  Such use will inevitably cause consumer confusion or mistake and will deceive the consuming public into believing that there exists an affiliation, connection, or association between B.O.P. and BioPlus as to the origin, sponsorship, or approval of 32.  B.O.P.'s Defendant's products.  Such conduct constitutes false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125.

40. 33.B.O.P.'s Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to BioPlus' business,

10

reputation, and goodwill in the BIOPLUS Mark, for which BioPlus has no adequate remedy at law.

## V.        PRAYER FOR RELIEF

WHEREFORE, BioPlus requests a judgment as follows:

1.        That ~~B.O.P.~~Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with ~~B.O.P.~~Defendant, be preliminary and permanently enjoined and restrained:

   a.    from using the BIOPLUS Mark, or any other designations or trademarks likely to cause confusion with the BIOPLUS Mark in connection with medical and/or pharmacy services;

   b.    from otherwise infringing upon BioPlus' rights in and to the BIOPLUS Mark and from otherwise unfairly competing with BioPlus in any manner whatsoever;

   c.    from using, reproducing, advertising or promoting any slogan, mark or name that may be calculated to represent that the products or services of ~~B.O.P.~~ Defendant or any other person are sponsored by, authorized by, or in some way associated with BioPlus; and

   d.    inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts.

2.        That ~~B.O.P.~~ Defendant be directed to file with the Court and serve on BioPlus, no later than fifteen (15) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which ~~B.O.P.~~Defendant has complied with the injunction.

3.        That ~~B.O.P.~~ Defendant be directed to instruct the National Council for Prescription Drug Program, Caremark®, SureScripts®, the Arete Pharmacy Network, and all other electronic prescription directories and/or pharmaceutical database management providers

to immediately remove any name utilizing the terms "Bio", or "Plus", or any other name confusingly similar to the BIOPLUS Mark, from any directory and/or database entries associated with or otherwise affiliated with ~~B.O.P~~ Defendant.

4.      That Defendant be directed to change the name of its registration with the New York Office of Professionals and its NPI registration.

5.      ~~4.That B.O.P.~~ That Defendant be directed to provide to BioPlus a complete listing of all prescription orders, payments for services, or other communications or transmissions received by ~~B.O.P.~~ Defendant that include identifying information for BioPlus or that ~~B.O.P.~~ Defendant otherwise has reason to believe were inadvertently sent to ~~B.O.P.~~ Defendant but intended for BioPlus.

6.      ~~5.~~That ~~B.O.P.~~ Defendant be ordered to pull, cancel and/or retract all marketing, advertising or promotional materials and all documents whatsoever and of whatever nature or form relative to the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies.

7.      ~~6.~~That ~~B.O.P.~~ Defendant be ordered to remove all signs, of whatever nature, form, or location, which contain the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies including, but not limited to, the awning on the physical storefront located at 13502 Roosevelt Avenue, Flushing, New York 11354.

8.      ~~7.~~That the Court adjudge and decree that B.O.P's infringing use of the BIOPLUS Mark is in violation of 15 U.S.C. § 1125.

9.      ~~8.~~That the Court adjudge and decree that a likelihood of confusion exists between the BIOPLUS Mark and ~~B.O.P.'s~~ Defendant's use of the name(s) Bio Plus Pharmacy, Bio Plus Pharmacy, Inc., and/or Bio Plus Pharmacy, Inc. and Surgical Supplies.

12

10.   9.That the Court require a full and complete accounting of all monies received by B.O.P. Defendant as a result of the wrongful conduct, together with an order transferring to BioPlus any amounts found to be due to B.O.P. Defendant as a result of the wrongful conduct.

11.   10.That BioPlus be awarded B.O.P.'s Defendant's profits or BioPlus' damages from lost sales after an accounting, and that such award be increased as permitted, including being trebled as provided under 15 U.S.C. § 1117.

12.   11.That BioPlus be awarded its costs and attorneys' fees from B.O.P.Defendant, including as provided by 15 U.S.C. § 1117.

13.   12.That the Court award pre- and post-judgment interest on all monies found to be due to BioPlus from B.O.P.Defendant, at the then prevailing or legal rate, whichever is greater, from the date said amounts or any part thereof became or become due.

14.   13.That the Court require B.O.P. Defendant to notify its customers, dealers, clients, and associates of said Court Order.

15.   14.That BioPlus be awarded such other and further relief as this Court may deem just and proper.

## VI.     JURY DEMAND

BioPlus hereby demands a trial by jury for all issues so triable.

4828-5654-2584v4